**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FIRST MERCURY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | JURY TRIAL DEMANDED |
| TRIPLE LOCATION LLC D/B/A CLUB O, | ) ) ) | |
| Defendant. | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, First Mercury Insurance Company ("First Mercury"), through its undersigned counsel, and for its Complaint for Declaratory Judgement against Defendant, Triple Location d/b/a Club O ("Club O"), alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for declaratory judgment, pursuant to 28 U.S.C. §2201 *et seq.* and Fed. R. Civ. Pro. 57, seeking a determination as to the rights and obligations of the parties under certain insurance policies issued by First Mercury.

2.      First Mercury seeks a declaration that it does not owe a duty to defend or indemnify Club O with respect to the claims alleged against Club O in the underlying action, captioned *Emily Sears, Lina Posada, and Lucy Pinder v. SDI, LLC d/b/a Club O and Triple Location, LLC d/b/a Club O*, Case No. 1:18-cv-04808, in the United States District Court for the Northern District of Illinois ("Underlying Action").

## PARTIES

3.      Plaintiff First Mercury is a corporation duly organized and existing under the laws of the State of Delaware with a principal place of business in Morristown, New Jersey.  At all relevant times, First Mercury was authorized to conduct business in the State of Illinois.

4.      On information and belief, Defendant Club O is an Illinois company with its principal place of business in Harvey, Illinois.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), because the Defendant resides in this District, and a substantial part of the events or omissions giving rise to the Defendant's claim for coverage occurred in this District.

## THE UNDERLYING ACTION

7.      On November 29, 2018, Emily Sears, Lina Posada and Lucy Pinder ("Underlying Plaintiffs") filed an Amended Complaint in the Underlying Action, which asserted the following claims against Club O: violation of the Lanham Act, 28 U.S.C. §1125(a): False Advertising; violation of the Lanham Act, 28 U.S.C. §1125(a): False Endorsement; violation of the Illinois Right of Publicity Act, 765 ILCS 1075/10 *et seq. Right to Publicity*; violation of the Illinois Right of Publicity Act, 765 ILCS 1075/1 *et seq. False Light*; Negligence and Respondeat Superior. A true and accurate copy of the Underlying Amended Complaint is attached hereto as Exhibit A.

8.      The Underlying Amended Complaint alleges that Club O misappropriated the images and likeness of the Underlying Plaintiffs, who are professional models, in violation of their

right to privacy and publicity, by publishing their photos without consent on its Facebook page and Instagram page in order to market and promote its strip club solely for its own commercial gain.

9.      The Underlying Amended Complaint alleges that Club O uploaded Emily Sears's image to its Facebook page and Instagram page on May 3, 2016 without her consent and with the intent to promote and market its strip club. The Underlying Amended Complaint further alleges that Club O's unauthorized use of Emily Sears's image and likeness was continuous and ongoing in that it was never removed after it was initially posted.

10.     The Underlying Amended Complaint alleges that Club O uploaded Lina Posada's image to its Facebook page on February 12, 2018 without her consent and with the intent to promote and market its strip club. The Underlying Amended Complaint further alleges that Club O's unauthorized use of Lina Posada's image and likeness was continuous and ongoing in that it was never removed after it was initially posted.

11.     The Underlying Amended Complaint alleges that Club O uploaded Lucy Pinder's image to its Facebook page on July 4, 2015 without her consent and with the intent to promote and market its strip club. The Underlying Amended Complaint further alleges that Club O's unauthorized use of Lucy Pinder's image and likeness was continuous and ongoing in that it was never removed after it was initially posted.

12.     The Underlying Amended Complaint alleges that Club O was at all times aware that at no point have the Underlying Plaintiffs ever been affiliated with or employed by Club O, and at no point have the Underlying Plaintiffs ever endorsed Club O.

13.     The Underlying Amended Complaint alleges that Club O used, advertised, created, printed, and distributed the Underlying Plaintiffs' image to create the false impression with potential clientele that the Underlying Plaintiffs' worked at or endorsed Club O.

14.     The Underlying Amended Complaint alleges that Club O's conduct is misleading and deceptive as it falsely and fraudulently represents that each Underlying Plaintiff depicted in the misappropriated images: is somehow affiliated with Club O; has contracted to perform at or participate in events at Club O; has been hired to promote, advertise, market or endorse events and other activities offered at Club O; or has attended or will attend each event and has participated in or intends to participate in the activities advertised in the promotional materials, social media, and internet posts containing the images.

15.     The Underlying Amended Complaint alleges that Club O intentionally pirated the Underlying Plaintiffs' images and took the foregoing actions with the intent to cause irreparable harm to each of the Underlying Plaintiffs.

16.     The Underlying Amended Complaint alleges that, to the extent any copyright may exist for the photographs depicting the Underlying Plaintiffs' images, Club O totally and completely destroyed any such copyright by morphing, editing, or otherwise altering the original photographs.

17.     The Underlying Amended Complaint alleges that Club O's misappropriation of the Underlying Plaintiffs' images and likeness has caused Underlying Plaintiffs to sustain injury to their images, brands, and marketability by shear affiliation with Club O.

18.     The Underlying Amended Complaint's prayer for relief includes a prayer for an award of punitive damages.

19.     On February 6, 2019, Club O provided notice of the claims asserted against Club O in the Underlying Action and sought coverage under the First Mercury Policies defined below.

## THE FIRST MERCURY POLICIES

20.     First Mercury issued the following commercial general liability policies to Triple Location LLC & SSNN Realty LLC DBA: Club O: policy number FMEV102191 for the period of September 12, 2015 to September 12, 2016; policy number FMEV104795 for the period of September 12, 2016 to January 13, 2017; and policy number FMEV105935 for the period of March 2, 2017 to March 2, 2018 (collectively, the "First Mercury Policies"). The First Mercury Policies each contain a $1,000,000 Personal and Advertising Injury and a $2,000,000 General Aggregate limit of liability. True and accurate copies of First Mercury policy numbers FMEV102191, FMEV104795 and FMEV105935 are attached hereto as Exhibits B, C and D, respectively.

21.     Coverage B under the Commercial General Liability Coverage Form of the First Mercury Policies provides, in pertinent part, as follows:

**SECTION I – COVERAGES**

* * *

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. . .

* * *

**b.** This insurance applies to "personal and advertising injury" caused by any offense arising out of your business but only if the offense

was committed in the "coverage territory" during the policy period.

22.     Coverage B under the Commercial General Liability Coverage Form of the First Mercury Policies includes the following pertinent exclusions:

**2.  Exclusions**

This insurance does not apply to:

**a.  Knowing Violation of Rights of Another**

"Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury".

**b.  Material Published with Knowledge of Falsity**

"Personal and advertising injury" arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity.

**c.  Material Published Prior to Policy Period**

"Personal and advertising injury" arising out of oral or written publication of material whose first publication took place before the beginning of the period.

\* \* \*

**i.  Infringement of Copyright, Patent, Trademark or Trade Secret**

"Personal and advertising injury" arising out of the infringement of copyright, patent, trademark, trade secret or other intellectual property rights. . .

However, this exclusion does not apply to infringement, in your "advertisement", of copyright, trade dress or slogan.

\* \* \*

**k.  Electronic Chatrooms or Bulletin Boards**

"Personal and advertising injury" arising out of an electronic chatroom or bulletin board the insured hosts, owns, or over which the insured exercises control.

23.     The Commercial General Liability Coverage Form of the First Mercury Policies

includes the following relevant definitions:

**SECTOIN V – DEFINITIONS**

1.  "Advertisement" means a notice that is broadcast or published to the general public or specific market segments about your goods, products or services for the purpose of attracting customers or supporters.  For the purposes of this definition:

    a.  Notices that are published include material placed on the Internet or on similar electronic means of communication; and

    b.  Regarding web-sites, only that part of a web-site that is about your goods, produces or services for the purposes of attracting customers or supports is considered an advertisement.

                        * * *

4.  "Coverage territory" means:

    a.  The United States of America . . .

                        * * *

    c.  All other parts of the world if the injury or damage arises out of:

                        * * *

        3)  "Personal and advertising injury" offenses that take place through the Internet or similar means of communication

                        * * *

5.  "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

                        * * *

    e.  Oral or written publication, in any manner, of material that violates a person's right of privacy;

                        * * *

    g.  Infringing upon another's copyright, trade dress or slogan in your "advertisement".

* * *

**18.** "Suit" means a civil proceeding in which damages because of . . .
"personal and advertising injury" to which this insurance applies are
alleged . . .

24.     The First Mercury Policies contain the following Endorsement regarding the

exclusion of coverage for punitive or exemplary damages:

### EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES

This endorsement modifies insurance provided under the following:

### COMMERCIAL GENERAL LIABILITY COVERAGE PART

* * *

This insurance does not apply to any claim for punitive or exemplary
damages, fines or penalties imposed by law, restitution or any damages
which are a multiple of, or in addition to, compensatory damages including
related interest or costs whether or not such damages, related interest or
costs are characterized as punitive or exemplary damages (hereinafter
referred to as punitive or exemplary damages). If a "suit" shall have been
brought against the insured for a claim falling within the coverage
provided under the policy, seeking both compensatory and punitive or
exemplary damages, then the company will afford a defense to such
action; however, the company shall not have an obligation to pay for any
costs, interest, or damages attributable to punitive or exemplary damages.

25.     The First Mercury Policies contain the following Endorsement regarding the

exclusion of coverage for the distribution of material or information in violation of the law:

### RECORDING AND DISTRIBUTION OF MATERIAL OR
### INFORMATION IN VIOLATION OF LAW EXCLUSION

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

* * *

**B.**   Exclusion **p.** of Paragraph **2. Exclusions** of Section **I – Coverage B –
Personal And Advertising Injury Liability** is replaced by the
following:

**2.   Exclusions**

This insurance does not apply to:

**p. Recording And Distribution Of Material Or Information In Violation Of Law**

"Personal and advertising injury" arising directly or indirectly out of any action or omission that violates or is alleged to violate:

\* \* \*

4) Any federal, state or local statute, ordinance or regulation, other than the TCPA, CAN-SPAM Act of 2003 or FCRA and their amendments and additions, that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information.

26.  The First Mercury Policies contain the following Endorsement regarding a limitation on coverage as to the business of the insured in the field of entertainment:

**FIELD OF ENTERTAINMENT-LIMITATION OF COVERAGE**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

\* \* \*

**SECTION I – COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY, 2. Exclusions of the COMMERCIAL GENERAL LIABILITY COVERAGE FORM** . . . [is] amended and the following added:

This insurance does not apply to . . . "personal and advertising injury" . . . actually or allegedly arising out of, related to, caused by or attributed to by any of the following, but only as each applies to the ***"Business of The Insured in The Field of Entertainment."***

a.  Invasion of the right to privacy;

b.  Infringement of copyright, whether under statutory or common law . . .;

c.  Unauthorized uses of . . . characters;

d.  Infringement of copyright or common law property rights in literary . . . material;

\* \* \*

The following is added to **SECTION V – DEFINITIONS:**

*"Business of The Insured in The Field of Entertainment"* means:

* * *

   c.  The ownership, licensing, operation maintenance or use of merchandising programs, advertising or publicity material or paraphernalia, characters or ideas, whether or not on premises of the insured or in possession of the insured at the time of the alleged offense or "occurrence";

* * *

## THE DISPUTE

27.     Club O has sought coverage for the claims asserted against it in the Underlying Action under the First Mercury Policies.

28.     First Mercury has determined through its investigation that it owes no obligation under the First Mercury Policies to defend or indemnify Club O in connection with the claims asserted against it in the Underlying Action.

29.     First Mercury has advised Club O in writing that it disclaims any obligation under the First Mercury Policies to provide a defense to or indemnify Club O in connection with the claims asserted against it in the Underlying Action.

30.     First Mercury now brings this action to obtain a judicial determination that it owes no duties under the First Mercury Policies to defend or indemnify Club O in connection with the claims asserted against it in the Underlying Action.

## COUNT I – DECLARATORY JUDGMENT

31.     First Mercury incorporates the allegations contained in paragraphs one through thirty of this Complaint as if fully set forth herein.

32.     An actual controversy exists between First Mercury and Club O as to whether the First Mercury Policies provide any coverage with respect to the claims asserted against Club O in the Underlying Action.

33.     To the extent the allegations of the Underlying Amended Complaint met the requirements of the Insuring Agreement of Coverage B under the Commercial General Liability Coverage Form of the First Mercury Policies, coverage for the claims asserted against Club O is nonetheless excluded.

34.     The claims asserted against Club O in the Underlying Action are excluded from coverage under the First Mercury Policies because the Underlying Amended Complaint alleges that Underlying Plaintiffs sustained "personal and advertising injury" caused by or at the direction of Club O, who had knowledge that its actions would violate the rights of the Underlying Plaintiffs and would inflict "personal and advertising injury" upon the Underlying Plaintiffs.

35.     The claims asserted against Club O in the Underlying Action are excluded from coverage under the First Mercury Policies because the Underlying Amended Complaint alleges that Underlying Plaintiffs sustained "personal and advertising injury" arising out of written publication of material done by or at the direction of Club O with knowledge of its falsity.

36.     The claims asserted against Club O in the Underlying Action are excluded from coverage under the First Mercury Policies because the Underlying Amended Complaint alleges that Underlying Plaintiffs sustained "personal and advertising injury" arising out of Club O's actions that violated the Lanham Act, the Illinois Right of Publicity Act, Federal law and Illinois law.

37.     The claims asserted against Club O in the Underlying Action are excluded from coverage under the First Mercury Policies because the Underlying Amended Complaint alleges

that Underlying Plaintiffs sustained "personal and advertising injury" caused by Club O's invasion of Underlying Plaintiffs' right to privacy, Club O's infringement of copyright, and Club O's unauthorized use of Underlying Plaintiffs' characters in its use of Underlying Plaintiffs' images in its advertising and publicity material or paraphernalia.

38.     The Underlying Amended Complaint's prayer for relief includes a prayer for an award of punitive damages, which are excluded from coverage under the First Mercury Policies.

39.     The claims asserted against Club O in the Underlying Action are excluded from coverage under the First Mercury Policies to the extent that Underlying Plaintiffs sustained "personal and advertising injury" arising from Club O's written publication of Underlying Plaintiffs' images before the First Mercury Policies' effective dates.

40.     The claims asserted against Club O in the Underlying Action are excluded from coverage under the First Mercury Policies to the extent that Club O's alleged misappropriation of the Underlying Plaintiffs' images and likeness for a commercial purposes constitutes the infringement of the Underlying Plaintiffs' intellectual property rights.

41.     The claims asserted against Club O in the Underlying Action are excluded from coverage under the First Mercury Policies to the extent that Facebook or Instagram constitute an electronic chatroom or bulletin board.

42.     Accordingly, First Mercury has no duty to defend or indemnify Club O with respect to the claims asserted against Club O in the Underlying Action.

WHEREFORE, First Mercury Insurance Company respectfully requests that this Court enter judgment in its favor and against Triple Location d/b/a Club O as follows:

(1)     Declaring that First Mercury Insurance Company has no duty to defend Triple Location d/b/a Club O with respect to the Underlying Action;

(2)     Declaring that First Mercury Insurance Company has no duty to indemnify Triple Location d/b/a Club O with respect to the Underlying Action;

(3)    Declaring that First Mercury Insurance Company is entitled to recover its reasonable costs and expenses, including attorney fees; and

(4)    For such other and further relief as the Court deems proper.

## **JURY DEMAND**

First Mercury Insurance Company demands a trial by jury on all issues of fact, if any.


Respectfully Submitted,

FIRST MERCURY INSURANCE COMPANY


Dated: April 9, 2019           /s/ James J. Hickey
                    By:    James J. Hickey (Illinois Bar No. 6198334)
                            Bevin A. Carroll (Illinois Bar No. 6308716)
                            KENNEDYS CMK LLP
                            100 North Riverside Plaza, Suite 2100
                            Chicago, Illinois 60606
                            Phone: (312) 800-5000
                            Fax: (312) 207-2110
                            James.Hickey@Kennedyscmk.com
                            Bevin.Carroll@Kennedyscmk.com