**IN THE UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| FIRST MERCURY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 1:19-cv-02395 |
| v. | ) ) | Hon. Gary Feinerman |
| TRIPLE LOCATION LLC D/B/A CLUB O, | ) ) ) ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, Triple Location, LLC, d/b/a Club O, through its undersigned counsel, moves this Honorable Court for summary judgment to be entered in favor of Defendants on the sole count of Plaintiff's Complaint for Declaratory Judgment; and in support thereof states as follows:

1.     Plaintiff, First Mercury Insurance Company's ("First Mercury") Complaint consists of a single count for declaratory judgment.  Specifically, Plaintiff, an insurer, seeks for this court to declare that it has no duty to defend or to indemnify Defendant, its insured, for matters alleged against Defendant in a separate underlying action filed and pending in the Northern District of Illinois (the "Underlying Suit").

2.     Though only one count, Plaintiff's Complaint seeks a declaration on two separate and distinct things:  (1) its duty to defend the Defendant in the Underlying Suit; and (2) its duty to indemnify Defendant for liability incurred as a result of the claims in the Underlying Suit.

3.     The Underlying Suit is captioned *Sears v. Triple Location*, 1:18-cv-04808.  A

copy of the most current pending Complaint in the Underlying Suit is attached here as **Exhibit 1.**

4.      Summary judgment should be entered against Plaintiff, First Mercury, and in favor of Defendant, Triple Location, LLC, because the Model claims in the Underlying Suit are covered, at least in part, under the terms of applicable insurance policies, and First Mercury has a duty to defend Triple Location, LLC, on all matters raised therein.

5.      Summary judgment should be entered against Plaintiff, First Mercury, denying its prayer for declaratory judgment that it has no obligation to indemnify Defendant, Triple Location, LLC, because the Underlying Suit is still pending and the Court should avoid issuing advisory opinions when matters are still pending in a different action.

## <u>SUMMARY JUDGMENT STANDARD</u>

Federal Rule of Civil Procedure 56 provides in pertinent part:

"A party may move for summary judgment, identifying each claim or defense --
or the part of each claim or defense – on with summary judgment itself.  The
Court shall grant summary judgment if the movant shows that there is no genuine
dispute as to any material fact and the movant is entitled to judgment as a matter
of law…"

## <u>STATEMENT OF MATERIAL FACTS</u>

### *A.  The Underlying Suit*

1.      Plaintiffs to the Underlying Suit commenced their action on July 13, 2018.  The full electronic docket of the Underlying Suit is attached here as **Exhibit 2**.

2.      On November 29, 2018, Plaintiffs to the Underlying Suit filed their First Amended Complaint.  (**Ex. 2** at 4).

3.      Each Plaintiff to the Underlying Suit has brought a claim for (1) violations of the Lanham Act, 15 U.S.C. § 1125(a) for false advertising and false endorsement; (2) violations of

2

the Illinois Right of Publicity Act, 765 ILCS 1075/10, *et seq*., for violations of publicity and claims for false light; and (3) negligence on a basis of *respondeat superior*. (**Ex. 1** at 17, 20, 22, 25, 27, 28, 31, 34, 37, 39, 40, 43, 45, 48, 50). While these are the claims specifically captioned by the Underlying Plaintiffs, their claims also sound in defamation.

4. The Plaintiffs to the Underlying Suit are each models who claim that Triple Location, LLC, operating as "Club O," used their images inappropriately to "promote and market" its business without their authorization, thereby causing them injury.

5. The Plaintiffs to the Underlying Suit allege that their images were published wrongfully by Triple Location, LLC, on the following dates:

    a. Lucy Pinder: July 4, 2015, *via* Facebook;

    b. Emily Sears: May 3, 2016, *via* Facebook and Instagram; and,

    c. Lina Posada: February 12, 2018, *via* Facebook.

6. Triple Location, LLC, tendered defense of the Underlying Suit to First Mercury.

7. First Mercury refused to accept tender of defense because it alleges that the claims made in the Underlying Suit are excepted or exempted from coverage.

8. Subsequently, First Mercury filed the instant declaratory action seeking a determination that it has no duty to defend and no duty to indemnify Triple Location, LLC.

### B. The Insurance Policies

9. Triple Location was insured under three insurance policies issued by First Mercury:

    a. FMEV102191      09/12/15 – 09/12/16 (attached here as **Exhibit 3**);
    b. FMEV104795      09/12/16 – 01/13/17 (attached here as **Exhibit 4**); and,
    c. FMEV105935      03/02/17 – 03/02/18 (attached here as **Exhibit 5**).

10. The three policies read identically by their terms.

11.     Under each insurance policy, First Mercury "will pay those sums that the insured becomes legally obligated to pay as damages," and has the "duty to defend the insured against any 'suit' seeking those damages . . . because of 'personal and advertising injury. . . to which [the] insurance applies." (**Ex. 3-5**, Coverage B, § I(1)(a)).

12.     Each policy defines "personal and advertising injury" to include "injury, arising out of:"

> *d.* Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

> *e.* Oral or written publication, in any manner, of material that violates a person's right of privacy.  (**Ex. 3-5**, § V(14)).

13.     There are several exclusions to coverage.  (*See generally* **Ex. 3-5**, Coverage B § I(2)).

14.     Read together, coverage for personal and advertising injury *includes* damages arising from (1) oral or written publication that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; (2) violation of privacy; (3) use of another's idea in the insured's advertisement; and (4) copyright, trade dress, or slogan infringement.

15.     First Mercury claims that, notwithstanding the above coverage for personal and advertising injury, Underlying Plaintiffs' claims are nevertheless excluded from coverage because they are:  (1) knowing violations of rights of another; (2) material published with knowledge of falsity; (3) material published prior to policy period; (4) infringement of

copyright, patent, trademark, or trade secret; (5) electronic chatroom or bulletin boards; and (6) based upon statutory claims including the Langham Act and Illinois Right of Privacy Act.

## <u>ARGUMENT</u>

Under Illinois law, "[t]o determine an insurer's duty to defend its insured, the court must look to the allegations of the underlying complaint and compare those allegations to the relevant provisions of the insurance policy." *Acuity Ins. Co. v. 950 West Huron Condo. Ass'n*, 2019 IL App (1st) 180743, ¶ 24, *quoting Monticello Ins. Co. v. Wil-Freds Construction, Inc.*, 277 Ill. App. 3d 697, 701 (2d Dist. 1996)). An insurer's duty to defend arises if those allegations fall within, or potentially within, those coverage provisions. *Id.*, *citing Viking Construction Management, Inc. v. Liberty Mutual Insurance Co.*, 358 Ill. App. 3d 34, 41 (1st Dist. 2005) "The allegations of the underlying complaint must be liberally construed in favor of the insured [citation], and any doubt about coverage should be resolved in favor of the insured." *Id.* (*quoting Pekin Ins. Co. v. Richard Marker Associates, Inc.*, 289 Ill. App. 3d 819, 821 (2d Dist. 1997)). In the Court's review of the applicable policy, "all conditions, exclusions or exceptions are to be most strictly construed against the insurer." *State Security Ins. Co. v. Burgos*, 145 Ill. 2d 423, 438 (1991).

The insurer can only safely and justifiably refuse to defend when the allegations clearly show on their face that the claim is beyond policy coverage, for the duty to defend is broader than the duty to indemnify. *Am. Family Mut. Ins. Co. v. Roth*, 381 Ill. App. 3d 760, 764 (2d Dist. 2008), *quoting Management Support Assoc. v. Union Indemnity Ins. Co. of N.Y.*, 129 Ill.App.3d 1089, 1096 (1st Dist. 1984). Importantly, "if the underlying complaints allege several theories of recovery against the insured, the duty to defend arises even if only one such theory is within the potential coverage of the policy." *Id.*, *quoting Lexmark International, Inc. v. Transportation*

*Insurance Co.*, 327 Ill.App.3d 128, 1351 (1st Dist. 2001), *quoting U.S. Fidelity & Guaranty Co. v. Wilkin Insulation Co*., 144 Ill. 2d 64, 73 (Ill. 1991). Little weight is given to the legal label that characterizes the allegations of the underlying complaint; rather, the determination focuses on whether the alleged conduct arguably falls within at least one of the categories of wrongdoing listed in the policy. *Id*. at 765, *quoting* L*exmark*, 327 Ill. App. 3d at 135–36. "The complaint must be read as a whole in order to assess its true nature." *Id*. at 766, *quoting United Fire & Casualty Co. v. Jim Maloof Realty, Inc.*, 105 Ill. App. 3d 1048 (3d Dist. 1982).

### A) *First Mercury Has a Duty to Defend Because the Underlying Claim Sounds in Defamation and Is Covered Under the Policies.*

While the Underlying Plaintiffs' claims are captioned and styled as violations of the Lanham Act, the Illinois Right of Publicity Act, and negligence, a fair reading of the factual allegations that make up the claims present a claim for defamation. Because the underlying claims sound in defamation, coverage is triggered for an "advertising injury" arising out of. . . oral or written publication. . . of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services" as provided by the Policies. (**Ex. 3-5**, § V(14)).

In stating a claim for defamation, the Underlying Plaintiffs allege in their Complaint that (1) Triple Location made a statement; (2) that the statement was false; (3) that the statement was publicized to a third party; and (4) that each Plaintiff suffered damages as a result. *Green v. Rogers*, 234 Ill. 2d 478, 491 (Ill. 2009). Defamatory statements may be made in the form of insinuation, allusion, irony, or question, may be considered as defamatory as positive and direct assertions of fact. *Solaia Tech., LLC v. Specialty Pub. Co*., 221 Ill. 2d 558, 581 (Ill. 2006); *Berkos v. National Broadcasting Co.,* 161 Ill.App.3d 476, 487 (1st Dist. 1987). Looking to the Complaint, the Underlying Plaintiffs allege that Triple Location published their photos creating a

"false and misleading appearance and impression" that they worked for, supported, or were affiliated with or endorsed Club O, a strip club. (**Ex. A**, ¶ 42, *et seq*.). According to each Plaintiff, the publications impugned their character and embarrassed them by suggesting false that they participated in the stripping industry. (**Ex. A**, ¶ 60, *et seq*.). The Plaintiffs claim they have suffered irreparable harm to their reputation and brand by attributing the adult entertainment lifestyle and activities of Club O to them. (**Ex. A**, ¶ 99, *et seq*.).

Read together, these statements that saturate the complaint satisfy the elements of a defamation claim under Illinois law. While the Plaintiffs do not caption specifically a claim for defamation is irrelevant—The analysis of the duty to defend turns on the fairly read grounds for liability expressed by allegations of fact in the underlying complaint, not the specific label of the cause of action. *Am. Family Mut. Ins. Co.*, 381 Ill. App. 3d at 765.

This exact case – the Underlying Claim, the verbatim language of the insurance policy, and the ineffectual argument against a duty to defend—was ruled upon in the U.S. District Court for the Southern District of Florida, though with different parties. In *Aix Specialty Ins. C. v. Dginguerian*, 2019 WL 4573255 (S. D. Fl. 2019), the Court ruled that an insurer had a duty to defend a gentlemen's club against mirror claims of several models who brought suit for (1) violations of the Lanham Act, § 1125(a); (2) violations of the Florida Right of Publicity statute; and several other claims. The models claimed that the business wrongfully used their image to promote the strip club without their authorization. *Id*., at 1. On essentially the same complaint and under the same "personality and advertising injury" coverage language, the Court found that a duty to defend was triggered because the Complaint sounded in defamation. *Id*. at 5. This was true regardless of whether a label for "defamation" appeared within the body of the Underlying Complaint. *Id*. at 6.

Accordingly, because the Underlying Plaintiffs allege reputational harm and other elements sufficient to state a cause of action for defamation, the Underlying Complaint is squarely within the ambit of the damages covered by the Insurance Policy for "Personal and Advertising Injury" as therein defined. First Mercury has a duty to defend on these and all other claims brought within the same cause of action as a result.

### B) First Mercury Has a Duty to Defend Because the Claims Sound in Negligence and Are Covered Under the Policies.

Among the Underlying Plaintiffs' captioned claims are those brought under a theory of negligence and *respondeat superior*. (**Ex. 1** at 27, 39, 50). Specifically, Plaintiffs allege that Defendants negligently "failed to promulgate policies and procedures concerning the misappropriation of the Image of models that were used on the Club O Website and social media accounts." *Id*. Alternatively, Plaintiffs allege that Defendants negligently failed to enforce or communicate policies concerning the misappropriation of images, or failed to supervise employees in order to ensure that policies concerning model images were not violated. *Id*. Plaintiffs allege that they suffered their personal and advertising injuries as a direct and proximate result of Triple Location's negligence. *Id*.

Accordingly, the Plaintiffs bring their claims on a theory of negligent conduct, something for which there is no applicable exclusion to deny coverage on a personal and advertising injury. (**Ex. 3-5**, Coverage B. § 2(a-p). And to the extent First Mercury somehow seeks for this Court to determine an issue of knowledge or intent that implicates the Underlying Plaintiffs' negligence claim, the Court cannot do so. When a court is asked to determine whether an insured's conduct is covered under a policy, it must not determine disputed issues of fact which form the basis for the insured's liability in the underlying tort action (*State Farm Fire & Casualty Co. v. Leverton*, 289 Ill.App.3d 855, 856–57 (4th Dist. 1997)); declaratory judgments prior to resolution of the

8

underlying tort action might resolve issues crucial to the insured's liability in an ancillary proceeding. *Allstate Insurance Co. v. Carioto*, 194 Ill.App.3d 767, 774 (1st Dist. 1990). Where bona fide controversies arise over the issue of negligence versus intentional conduct, declaratory judgment actions are premature until resolution of that question in the underlying tort case. *Carioto*, 194 Ill.App.3d at 774.

Because the Underlying Plaintiffs have claims for personal and advertising injury sounding in negligence, and because no exclusion applies to allow First Mercury to deny coverage, First Mercury must be ordered to defend Triple Location in the Underlying Suit in its totality.

C) ***First Mercury Has a Duty to Defend Because the Exclusions for "Knowing Violation of Rights of Another" and "Material Published With Knowledge of Falsity Do Not Apply Based on the Nature of the Underlying Claims.***

First Mercury invokes the exclusion set forth in § 2(a) of the policies, titled "knowing violation of rights of another," to claim that the Underlying Suit is excluded from coverage. [Dkt. #9, ¶ 36]. This excludes "personal and advertising injury' caused by or at the direction of the insured with knowledge that the act would violate the rights of another and would inflict 'personal and advertising injury." (**Ex. 3-5**, Coverage B, § I(2)(a)).

But the "knowing violation of rights of another" exclusion cannot be invoked to avoid coverage of an alleged violation of the Lanham Act where the Lanham Act permits recovery for unintentional conduct. *Central Mut. Ins. v. StunFence, Inc.*, 292 F. Supp. 2d 1072, 1081-82 (N. D. Ill. 2003) (applying Illinois law)., *see also Finger Furniture Co. v. Travelers Indem. Co. of Conn.*, No. Civ.A. H–01–2797, 2002 WL 32113755, at *13 (S.D.Tex. Aug. 19); *Adolfo House Distrib. Corp. v. Travelers Prop. & Cas. Ins. Co.*, 165 F.Supp.2d 1332, 1341 (S.D.Fla.2001); *Bay Elec. Supply, Inc. v. Travelers Lloyds Ins. Co.*, 61 F.Supp.2d 611, 619 (S.D.Tex.1999);

*Union Ins. Co. v. Knife Co., 897 F.Supp.* 1213, 1217 (W.D.Ark.1995). This is because an underlying plaintiff's allegations of intentional conduct, even if they appear in the underlying complaint, need not be proven to recover. Trademark infringement need not be willful to be actionable. *Capitol Indem. Corp. v. Elston Self Service Wholesale Groceries, Inc.*, 551 F. Supp. 2d 711, 726 (N. D. Ill. 2008).

The Underlying Plaintiffs here bring claims pursuant to the Lanham Act under Section 1125(a) for "false advertising" and "false endorsement." This Court in *Central Mutual Insurance* specifically rejected the applicability of the "knowing violation of rights of another" exclusion for claims based on Section 1125(a) Lanham Act, because a plaintiff "need demonstrate only that defendant's use of a registered mark caused actual confusion, resulting in actual injury to plaintiff." *Id.* In rejecting the application of this specific exclusion, this Court emphasized again the restrictive nature of the court's comparison between the complaint and the policy:

> But it must also be remembered that exclusions are subject to the same interpretive rule that all ambiguities are resolved in favor of the insured (*Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill.2d 90, 119, 180 Ill.Dec. 691, 607 N.E.2d 1204, 1217 (1992)). Thus the insurer may refuse to defend only if it is clear from the face of the pleading that all of the allegations in the Underlying Action fall outside of the policy's actual or potential coverage (*Wilkin Insulation*, 144 Ill.2d at 74, 161 Ill.Dec. 280, 578 N.E.2d at 930).

*Id.* at 1081.

The Seventh Circuit further explains the point in *Cincinnati Ins. Co. v. Eastern Atlantic Ins. Co.* that exclusions do not negate a duty to defend where clearly plaintiffs could have been held liable for claims without proof of intent and knowledge. 260 F.3d 742, 745–46 (7th Cir. 001) *citing Central Mut. Ins. Co.*, 292 F.Supp.2d at 1081–82. "The complaint need not allege or use language affirmatively bringing the claims within the scope of the policy, as the question of

coverage should not hinge exclusively on the draftsmanship skills or whims of the plaintiff in the underlying action." *Id.*, (quoting *W. Cas. & Sur. Co. v. Adams Cnty.*, 179 Ill.App.3d 752, 128 Ill.Dec. 621, 534 N.E.2d 1066, 1068 (4th Dist.1989)). Though a claim may be "replete with allegations of deliberate misconduct" about the insured, "these allegations do not take the case out of the basic policy." *Id.* Heightened allegations of intent and misconduct may be strategically including within a complaint for other reasons, for example as a pitch for punitive damages. *See id.*

The same shortcoming applies to the other kinds of claims that the Underlying Plaintiffs bring: the Illinois Right of Privacy Act ("A person may not use an individual's identity for commercial purposes during the individual's lifetime without having obtained previous written consent from the appropriate person or persons specified in Section 20 of this Act or their authorized representative." 765 ILCS 1075/30); negligence; and defamation (*Cincinnati Ins. Co. v. Am. Hardware Mfrs. Ass'n*, 387 Ill. App. 3d 85, 113 (1st Dist. 2008). And under the same scrutiny, First Mercury's reliance upon § 2(b) of the exclusions, titled "Material Published With Knowledge of Falsity" is likewise ineffective to defeat its duty to defend. Knowledge of falsity, like intent to injure, is not required to prove liability on any of the Underlying Plaintiffs' claims. Accordingly, any assertion by First Mercury that there are allegations of intent within the Underlying Claim are irrelevant, because "intent" is irrelevant because it is unnecessary for the Underlying Plaintiffs to recover.

### D) No Other Exclusions Under the Policies Allow First Mercury to Deny Coverage and Refuse to Defend Against the Underlying Suit.

First Mercury in its Complaint cites generally to several other aspects of the Policies with an aim to convince this Court to declare it owes no obligations of coverage to Triple Location, LLC. For example, it alludes that Facebook and Instagram, the platforms on which the

11

Underlying Plaintiffs claim their images appeared, constitute "electronic chatrooms or bulletin boards." (**Ex. 3-5**, Coverage B, § (2)(k)). But nothing whatsoever defines chatrooms or bulletin boards in this way, and significant ambiguity exists to prevent the Court from determining that Facebook and Instagram constitute one of these things. If the application of an exclusion is to result in denying the duty to defend, that exclusion must be clear and free from doubt. *United Service Auto. Ass'n v. Dare*, 357 Ill. App. 3d 955, 964 (1st Dist. 2005). Similarly, First Mercury seeks to deny coverage by declaring the Underlying Plaintiffs' claims arise from "infringement' of a nondescript "other intellectual property." But this is not the kind of harm alleged in the Underlying Plaintiffs' Complaint. Rather, the Underlying Plaintiffs allege harm to "reputation" and harms to her right of privacy. Without a definition of "other intellectual property" under the policy, First Mercury cannot show that the Plaintiffs' claims fall under this ill-defined category.

Finally, First Mercury points to an exclusion that coverage does not apply to personal and advertising injury arising from action alleged to violate "any federal, state or local statute. . . that addresses, prohibits, or limits the printing, dissemination, disposal, collecting, recording, sending, transmitting, communicating or distribution of material or information." [Dkt. # 9, ¶ 27]. This exclusion has been ruled countless times as inapplicable except as it pertains to statutes that serve a *similar purpose* as the purposes of the enumerated statutes. Very recently, the Illinois Court explained:

> The text of the exclusion can easily be read consistently with the title. The exclusion explicitly applies to the TCPA and the CAN-SPAM Act—both statutes that regulate certain methods of communication. See, e.g., Standard Mutual Insurance Co. v. Lay, 2013 IL 114617, ¶ 27, 371 Ill.Dec. 1, 989 N.E.2d 591 ("The purposes of the TCPA are to protect the privacy interests of residential telephone customers by restricting unsolicited automated telephone calls to the home, and facilitating interstate commerce by restricting certain uses of fax machines and automatic dialers."); Martin v. CCH, Inc., 784 F. Supp. 2d 1000, 1004 (N.D. Ill. 2011) (noting that the purpose of the CAN-SPAM Act is to, in part, " 'prohibit senders of [e-mail] for primarily commercial advertisement or promotional

purposes from deceiving intended recipients or Internet service providers as to the source or subject matter of their e-mail messages." . . . So only after listing two specific statutes—the violation of which the exclusion applies to—each with a clear purpose of governing methods of communication such as e-mails and phone calls, does the exclusion include a final catch-all provision for a statute "that prohibits or limits the sending, transmitting, communication or distribution of material or information." In light of the title and the two specific statutes listed in the exclusion, the more reasonable reading of this third item is that it is meant to encompass any State or local statutes, rules, or ordinances that, like the TCPA and the CAN-SPAM Act, regulate methods of communication.

*West Bend Mut. Ins. Co. v. Krishna Schaumburg Tan, Inc.*, 2020 IL App (1st) 191834. ¶ 43.

Accordingly, there is no way to construe the Lanham Act or the Illinois Right of Publicity Act to come remotely within the meaning of this exclusion. First Mercury's duty to defend is not relieved.

### E) *First Mercury's Prayer for Declaratory Relief on its Duty to Indemnify is Premature Due to Ongoing Proceedings and this Court Cannot Rule as First Mercury Seeks.*

This Court cannot grant the declaratory relief requested by First Mercury to the extend it is demanding the Court to rule that First Mercury has no duty to indemnify Triple Location in the Underlying Suit. [Dkt. # 9 at 13, § (2)]. An "indemnification issue will become ripe only upon completion of the [underlying] litigation, for its resolution depends upon an analysis of the type of relief, if any, ultimately obtained in [the underlying] suit." *Capitol Indem. Corp.*, 551 F. Supp. 2d at 729; *citing Pipefitters Welfare Educ. Fund v. Westchester Fire Ins. Co.*, 976 F.2d 1037, 1042 (7th Cir. 1992). The Seventh Circuit has stated plainly:

A declaration that A must indemnify B if X comes to pass has an advisory quality; and if the decision would not strictly be an advisory opinion (anathema under Article III) it could be a mistake, because it would consume judicial time in order to produce a decision that may turn out to be irrelevant. Declaratory decisions about indemnity differ in this respect from the more common decision that an insurer has a duty to defend the client in ongoing litigation. Defense may be required even if there never turns out to be any liability to indemnify...

13

*Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir.2003). As the docket from the Underlying Claim attached as an exhibit here shows, the Underlying Claim is still underway and ongoing. (*See* **Ex. 2**). For this reason of well-established precedent in this Court, the Court must deny First Mercury's request that it be declared free of any obligation of indemnification at this time.

WHEREFORE, Defendant, Triple Location, LLC, d/b/a Club O, through its undersigned counsel, request this Honorable Court grant its Motion for Summary Judgment, award it its attorney's fees and costs for being required to defend this action, and for any such other and further relief as is just under the premises.

October 9, 2020

Marty J. Schwartz                                          TRIPLE LOCATION, LLC d/b/a CLUB O,
Michelle L. Wesley
Schain, Banks Kenny & Schwartz, Ltd.
70 W. Madison Street
Suite 5300
Chicago, Illinois 60602                                    By: _/s/ Michelle L. Wesley_____
(312) 345-5700                                                    One of its attorneys
mschwartz@schainbanks.com
Attorney ID:              6316572