IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FIRST MERCURY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) | Case No.: 1:19-cv-02395 |
| v. | ) ) | Honorable Gary Feinerman |
| TRIPLE LOCATION LLC D/B/A CLUB O, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION**
**FOR JUDGMENT ON THE PLEADINGS**

Plaintiff First Mercury Insurance Company ("First Mercury"), through its undersigned counsel, for its Reply in Support of its Motion for Judgment on the Pleadings (ECF No. 48), states as follows:

**I.  INTRODUCTION**

First Mercury has filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (the "Motion") that it does not owe any obligation under its insurance policies to defend or indemnify Triple Location, LLC d/b/a Club O ("Club O") in connection with claims asserted against Club O in an action captioned *Emily Sears, Lina Posada, and Lucy Pinder v. SDI, LLC d/b/a Club O and Triple Location, LLC d/b/a Club O*, Case No. 1:18-cv-04808, filed in the United States District Court for the Northern District of Illinois (the "Underlying Action"). A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is appropriate where the material facts of a case are not in dispute, and a judgment on the merits may be achieved by focusing on the legal issues and agreed facts in the case. *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). A court may rule on a motion for judgment on the pleadings based upon a review of the pleadings alone, which include the complaint, answer, and any exhibits attached thereto. *Forest v. Universal Sav. Bank, F.A.*, 507

F.3d 540, 542 (7th Cir. 2007). In the Motion, First Mercury asserts that it is entitled to judgment on the pleadings because certain exclusions contained in its policies unambiguously operate to bar coverage for the claims asserted against Club O in the Underlying Action.

Club O filed a Memorandum in Opposition to Plaintiff's Motion for Judgment on the Pleadings and in Support of Defendants' Cross-Motion for Judgment on the Pleadings (the "Opposition") (ECF No. 55). In the Opposition, Club O significantly did not dispute **any** of the material facts set forth by First Mercury in the Motion. (ECF No. 48 at pp. 2-7). Instead, Club O improperly raises the argument in the Opposition that the plaintiffs in the Underlying Action (the "Underlying Plaintiffs") are necessary parties under Federal Rule of Civil Procedure 19(a) and, therefore, First Mercury's failure to join them as parties to this action warrants the dismissal of this action. For the reasons set forth herein, Club O's argument on this point is flawed in numerous respects.

As an initial matter, the necessary party defense must be raised by motion. Accordingly, this Court need not consider this issue since Club O has improperly raised the necessary party defense for the first time in its Opposition.[1] Moreover, even if Club O had properly raised this issue with the Court, it is clear that the Underlying Plaintiffs are not necessary parties under Rule 19(a) because complete relief can be afforded in their absence in this action and the Underlying Plaintiffs have not claimed an interest relating to this action nor sought to be joined in this action. Finally, even if the Underlying Plaintiffs could be construed as "necessary" parties to this action under Rule 19(a), the dismissal of this action requested by Club O would not be the appropriate relief under Rule 19(a) and Club O does not in the Opposition provide any reasoned basis as to why dismissal of this action would be appropriate.

---

[1] This Court has already ruled that Club O's attempt to raise the issue through the filing of a cross-motion for judgment on the pleadings after the October 9 deadline was improper. (ECF No. 54). This Court denied Club O's cross-motion for judgment on the pleadings on the ground that it was untimely (ECF No. 56).

The arguments made by Club O in support of its assertion that the Field of Entertainment- Limitation contained in the First Mercury policies does not preclude coverage for the claims asserted against it in the Underlying Action are equally unavailing. Club O does not dispute First Mercury's interpretation of the Field of Entertainment- Limitation Endorsement nor does it offer any other reasonable interpretation of such endorsement that would result in a finding of coverage under First Mercury's policies for the claims against Club O in the Underlying Action. Instead, Club O vainly attempts to construct an argument that the Field of Entertainment- Limitation Endorsement renders the coverage afforded by First Mercury's policies illusory and, therefore, should not be enforced. As its primary support for this assertion, Club O cites to a Florida district court decisions that interpreted a substantially different endorsement under Florida law. As such, the Florida decisions is readily distinguishable from this case, is not binding on this Court and provides no support for Club O's position. Finally, Club O's arguments in the Opposition regarding why the Knowing Violation of Rights of Another exclusion, the Material Published with Knowledge of Falsity exclusion and the Recording and Distribution of Material or Information in Violation of Law exclusion of the First Mercury policies do not preclude coverage for the claims asserted against it in the Underlying Action are without merit and, likewise, fail to demonstrate that First Mercury is not entitled to judgment on the pleadings. For the following reasons and the reasons set forth in the Motion, First Mercury is entitled to judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) in this action.

## II. ARGUMENT

### A. The Court Should Not Consider Club O's "Necessary Parties" Argument Because Club O Failed to Properly Raise The Issue In This Action

Club O asserts in the Opposition, for the first time in this action, that the Underlying Plaintiffs are necessary parties to the action under Federal Rule of Civil Procedure 19(a). Club

O further asserts that because First Mercury has not named all necessary parties necessary in this action, the Motion should be denied and Club O's Cross-Motion for Judgment on the Pleadings should be granted. (ECF No. 55 at p. 3). For several reasons, Club O's arguments are legally flawed. However, because Club O has improperly raised the defense that the Underlying Plaintiffs are necessary parties to the action for the first time in its Opposition, consideration by the Court of such argument in ruling on the Motion is not warranted.

A motion to dismiss for failure to join necessary parties under Rule 19 is proper under Rule 12(b)(7) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 12(b)(7). Rule 12 further states that a party can raise as a defense the opposing party's failure to join a necessary party under Rule 19(b): (i) in any pleading allowed under Rule 7(a); (ii) in a motion under Rule 12(b)(7) or 12(c); or (iii) at trial. *See* Fed. R. Civ. P. 12(h)(2). Accordingly, by asserting this argument for the first time in its Opposition, Club O has not raised the defense that the Underlying Plaintiffs are necessary parties to the action in a manner permitted by the Federal Rules of Civil Procedure. Specifically, since Club O failed to plead that not all necessary parties had been joined to this action as an affirmative defense to First Mercury's Amended Complaint, and did not otherwise raise the necessary party issue in its Answer to the First Amended Complaint, Club O failed to raise the a defense based on Rule 19(b) in "any pleading allowed under Rule 7(a)." *See* Club O's Answer, ECF No. 30. Moreover, Club O failed to raise the alleged failure by First Mercury to join a necessary party in any motion prior to the dispositive motion deadline on October 9, 2020. *See* ECF No. 47. Although Club O attempted to improperly raise the issue by filing a cross-motion for judgment on the pleadings after the October 9 dispositive motion deadline (ECF No. 54), this Court denied Club O's cross-motion on the ground that it was untimely (ECF No. 56).

As opposed to raising a defense that the Underlying Plaintiffs are necessary parties to the action in a manner permitted by the Federal Rules, Club O improperly attempts to raise

the defense in its Opposition to First Mercury's motion for judgment on the pleadings in violation of Rule 12 of the Federal Rules of Civil Procedure. As a result of its violation of Rule 12, Club O has forfeited its ability to assert First Mercury is not entitled to judgment on the pleadings because the Underlying Plaintiffs are not parties to the action. Accordingly, the Court's consideration of such argument in ruling on the Motion is not warranted.[2]

> **B.     To The Extent The Court Considers The Necessary Party Argument, Club O's Assertion That Dismissal of the Action is Warranted Under Federal Rule of Civil Procedure 19 for Failure to Join Necessary Parties Lacks Merit And Must Be Rejected.**

In its Opposition, Club O argues that the Underlying Plaintiffs are persons required to be joined as parties to this action if feasible under Rule 19(a) and, therefore, concludes that this action must be dismissed in light of their absence. Should this Court look past the improper manner in which Club O has attempted to raise this issue and consider its argument on the merits, it is clear that Club O's position is flawed in several respects and should be rejected.

Federal Rule of Civil Procedure 19(a) governs whether a party is a "necessary party" to an action that must be joined if feasible. "Rule 19 requires that once a court determines that a party is a required party and it is feasible for that party to be joined, the court 'must order that the person be made a party.' Fed. R. Civ. P. 19(a)(2)(emphasis added)." *Askey v. Sheriff of Cook County, Ill.*, 568 F.3d 632, 637 (7th Cir. 2009) (upon determining that county was a necessary party, the district court was required to order the county be made a party, rather than dismissing the suit). If it is not feasible for a necessary party to join an action, then the analysis turns on whether the action can proceed in that party's absence or whether the necessary party is "indispensable" subjecting the action to dismissal in the party's absence under Rule 19(b).

In the Opposition, Club O argues that the Underlying Plaintiffs are "necessary" parties to this action under Rule 19(a) and concludes – without any discussion of whether it is feasible

---

[2] Rule 12 of the Federal Rules also permits Club O to raise this issue at trial, should the claims against it survive the parties' dispositive motions.

to join the Underlying Plaintiffs to this action or whether the Underlying Plaintiffs are "indispensable" parties under Rule 19(b) such that the case cannot proceed in their absence – that entry of judgment on the pleadings against First Mercury is warranted. Contrary to Club O's assertions, the Underlying Plaintiffs are not necessary parties that must be joined if feasible under Rule 19 and this action can be decided in their absence. Moreover, even assuming the Underlying Plaintiffs are necessary parties to this action, the appropriate relief is to order that the Underlying Plaintiffs be made parties, not dismiss this suit.

> 1. **The Underlying Plaintiffs Are Not Necessary Parties That Must Be Joined If Feasible Under Rule 19(a).**

The Underlying Plaintiffs are not necessary parties which are required to be joined in this declaratory action. "Rule 19 requires that once a court determines that a party is a required party and it is feasible for that party to be joined, the court 'must order that the person be made a party.' Fed. R. Civ. P. 19(a)(2)(emphasis added)." *Askey*, 568 F.3d at 637. Rule 19(a) states that "[a] person who is subject to service of process and whose presence will not deprive the court of subject-matter jurisdiction must be joined as party" under two scenarios, neither of which are applicable here.

Under the first scenario, a party is necessary and must be joined if feasible if, in the person's absence, complete relief cannot be accorded among those who are already parties. Fed. R. Civ. P. 19(a)(1)(A). Club O has failed to demonstrate that it is feasible to join the Underlying Plaintiffs, two California citizens and a United Kingdom citizen, to this action. Since this Court does not have jurisdiction over those individuals, they cannot feasibly be joined to this action and, therefore, Rule 19(a) does not apply. In addition, the Underlying Plaintiffs do not qualify as "necessary" parties to this action under Rule 10(a). This declaratory action concerns whether First Mercury is obligated under the insurance policies to defend and indemnify Club O in connection with the claims asserted against it in the Underlying Action. The Underlying Plaintiffs are not parties to the insurance contracts at issue in this action and

6

the Court can accord "complete relief" on First Mercury's claims in their absence. *See Ochs v. Hindman*, 984 F.Supp.2d 903, 908 (N.D. Ill. 2013) ("The term complete relief refers only to relief between the persons already parties, and not as between a party and the absent person whose joinder is sought").

Applying Illinois law, the Seventh Circuit has held in a suit determining the parties' obligations under a disputed contract that an absent party will not be regarded as necessary and indispensable "[w]hen [the absent] person is not a party to the contract in litigation and has no rights or obligations under that contract, even though the absent party may be obligated to abide by the result of the pending action […]." *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 484 (7th Cir. 2001). The Underlying Plaintiffs are not parties to the subject insurance contracts and their presence in this action is not required to interpret First Mercury's obligations under its policies and accord complete relief on First Mercury's claims. Accordingly, the Underlying Plaintiffs are not necessary parties under Rule 19(a)(1)(A).

Under the second scenario, a party is considered necessary if "that person claims an interest relating to the subject of the action" and either the person's absence may impair or impede the ability to protect that interest or the absent party could subject the parties in the suit to double or inconsistent liability if not joined. Fed. R. Civ. P. 19(a)(1)(B). Under this rule, "the absent party typically must claim an interest relating to the subject matter of the lawsuit in which the party's joinder is sought." *Tribune Co. v. Swiss Reinsurance Am. Corp.*, No. 02-C-4772, 2003 WL 22282465, at *6 (N.D. Ill. Sept. 30, 2003), citing *Davis Cos.*, 268 F.3d at 483-84 (holding that joinder was unnecessary where the absent party had not claimed any interest relating to the subject matter of the lawsuit); *Ochs*, 984 F.Supp.2d at 910 (finding joinder not required under Rule 19(a)(1)(B) where absent party "claimed no interest that may be impaired or impeded by its absence from this suit"). Here, the Underlying Plaintiffs have not claimed an interest relating to this action and are not seeking to join this action. Rather,

7

Defendant Club O has raised this argument on its own, without any evidence that the Underlying Plaintiffs have claimed an interest in this action or wish to join, in an effort to avoid entry of a judgment on the pleadings in favor of First Mercury.

Any "interest" the Underlying Plaintiffs could have in this action would relate to their ability to recover compensation from Club O for their claims in the Underlying Action. Like Club O, the Underlying Plaintiffs have an interest in a finding that First Mercury's policies provide coverage, an interest which is protected in this action by Club O in their absence. Accordingly, joinder of the Underlying Plaintiffs to this action is not necessary because they have not claimed an interest in this action, and even if they had, their absence will not subject them to prejudice because any such interest is protected by Club O or present a substantial risk of incurring inconsistent obligations. For these reasons, the Underlying Plaintiffs do not qualify as necessary parties under Rule 19(a)(1)(A) or (B).

### 2. Even If The Underlying Plaintiffs' Presence Is Deemed Necessary and Feasible, The Appropriate Relief Is To Order The Underlying Plaintiffs Be Joined, Not Dismissal Of The Action.

Club O argues in the Opposition that where necessary parties have not been named the Court should order any necessary parties to be joined or dismiss the case. For the reasons discussed above, joinder of the Underlying Plaintiffs to this action is not necessary as they do not qualify as necessary parties under Rule 19(a)(1)(A) or (B). However, even if it was determined that the Underlying Plaintiffs are "necessary" parties to this action under Rule 19(a)(1), the appropriate relief would be to have the Underlying Plaintiffs be made parties, not dismiss this suit as Club O contends. "Rule 19 requires that once a court determines that a party is a required party and it is feasible for that party to be joined, the court 'must order that the person be made a party.' Fed. R. Civ. P. 19(a)(2); *Askey v. Sheriff of Cook County, Ill.*, 568 F.3d 632, 637 (7th Cir. 2009) (upon determining that county was a necessary party, the district court was required to order that the county be made a party, rather than dismissing the

8

suit). Accordingly, despite the numerous procedural deficiencies attendant to Club O's improper attempt to raise this issue, if this Court was to determine that the Underlying Plaintiffs are "necessary" parties to this action, the only relief potentially available is for the Court to require the Underlying Plaintiffs be joined in this action and under no scenario would be appropriate to dismiss this action on this basis.

### 3. If Joinder of the Underlying Plaintiffs Is Not Feasible, The Action Must Proceed In their Absence.

Club O's Opposition is devoid of any discussion about whether the joinder of two California citizens and one citizen of the United Kingdom is feasible and, if joinder is not feasible, whether the action should proceed in their absence or be dismissed in accordance with Rule 19(b). As noted above, if joinder is feasible, the proper relief is to order the absent parties join the lawsuit. Only if joinder is not feasible do courts consider whether the absent party is indispensable under Rule 19(b) and whether the action must be dismissed in their absence.

In light of Club O's failure to present any argument on the feasibility and indispensable party issues, Club O cannot meet its burden of demonstrating that the Underlying Plaintiffs are necessary and indispensable parties and that the case cannot proceed in their absence. *Ochs*, 984 F.Supp.2d at 906 ("the movant bears the burden of demonstrating that the absent party is a necessary and indispensable party that must be joined"). Notably, courts applying Illinois law consistently find that an injured claimant is not an "indispensable" party to coverage litigation and that a coverage action can proceed in their absence under Rule 19(b). See *Evangelical Lutheran Church in Am. v. Atlantic Mut. Ins. Co.*, 173 F.R.D. 507, 508-09 (N.D. Ill. 1997). The primary rationale for this holding is based on the aligning interest of the injured claimant and the insured in the outcome of coverage litigation, *i.e.,* that the alleged wrongful conduct is covered by the policies. *Id.* In this case, because the Underlying Plaintiffs' interest is represented in this action, there will be is no prejudice to them as a result of their absence.

9

Accordingly, the Rule 19(b) factors weigh in favor of finding that the Underlying Plaintiffs are not "indispensable" and that the action should proceed in their absence.

### 4. The Decisions Cited By Club O Are Readily Distinguishable From This Action And Provide No Support For Its Position.

In its Opposition, Club O cites primarily to Illinois state court cases as support for its position that the Underlying Plaintiffs are necessary parties to this action. ECF No. 55, at pp. 4-5. However, Club O's reliance on decisions from Illinois state court cases is misplaced since those decisions apply a more expansive definition of "necessary parties" than federal courts do. The issues of joinder and whether a person is a "necessary party" are matters of federal law, even in diversity cases. *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993); *Winklevoss Consultants, Inc. v. Fed. Ins. Co.*, 174 F.R.D. 416, 419 (N.D. Ill. 1997) (finding that federal law, not Illinois law, governed issue of whether party was necessary and indispensable). "Illinois' definition of necessary parties is more expansive than the Federal Rules," but the more restrictive definition under the federal rules is applicable and controlling here. *See Winklevoss Consultants, Inc.*, 174 F.R.D. at 419.[3]

### C. Club O's Assertion That The Field of Entertainment- Limitation of Coverage Endorsement Renders the Coverage Provided By First Mercury's Policies Illusory is Without Merit.

In the Motion, First Mercury asserts that the Field of Entertainment – Limitation of Coverage Endorsement unambiguously operates to bar coverage for the claims asserted

---

[3] The two federal court cases Club O cited in its Opposition likewise do not provide support for its position. Club O cites *Great West Cas. Co. v. Mayorga*, 342 F.3d 816 (7th Cir. 2003), which involved an injured claimant's appeal of a coverage decision. The *Mayorga* court addressed whether the injured claimant had standing to appeal the coverage decision and, answering that question affirmatively, cited to Illinois cases finding that a tort claimant was a necessary party to a coverage action. *Id.* at 817. The *Mayorga* court did not address the pertinent issue in this action, *i.e.*. joinder of necessary parties under Rule 19 and, therefore, that decision is not instructive here. Moreover, the holding in *Westport Ins. Co. v. M.L. Sullivan Ins. Agency, Inc.*, 2017 WL 56635(N.D. Ill. Jan. 5, 2017) is equally distinguishable given that case addressed the jurisdictional problems presented by an amended complaint joining the underlying plaintiff to the suit as required by court order. The *Westport Ins. Co.* court did not address whether the underlying plaintiff was a necessary and indispensable party to be joined under Rule 19, which is the issue raised by Club O in the Opposition. Further, unlike the joinder in *Westport Ins. Co.* which raised jurisdictional concerns, Club O has not identified any jurisdictional issues that would arise from joining the Underlying Plaintiffs in this action.

against Club O in the Underlying Action as a matter of law. (ECF No. 49 at p. 9). In its Opposition, Club O does not dispute First Mercury's interpretation of the Field of Entertainment - Limitation of Coverage Endorsement, nor does it offer an alternative reasonable interpretation of such endorsement. Instead, Club O argues that the Field of Entertainment - Limitation of Coverage Endorsement is legally ineffective because it renders all advertising injury coverage provided under the First Mercury policies illusory. (ECF No. 55 at pp. 5-6).

As its primary support of this argument, Club O cites to a decision issued by a Florida district court in *Princeton Express v. DM Ventures USA LLC*, 209 F.Supp.3d 1252 (S.D. Fla. 2016) which applied Florida law in interpreting a "field of entertainment" exclusion endorsement which contained language substantially different from the Field of Entertainment- Limitation of Coverage Endorsement contained in the First Mercury policies. Specifically, the policy in *Princeton Express* provided coverage for damages because of "personal and advertising injury," which was defined to include seven specific offenses, but included a "field of entertainment" exclusion endorsement which excluded coverage for four of the seven offenses listed in the definition of "personal and advertising injury". *Id.* at 1257. Significantly, the endorsement excluded coverage for "personal and advertising injury" resulting from such offenses under all circumstances. The *Princeton Express* court found that the exclusion "essentially eliminates all advertising injury coverage," explaining that the exclusion "does not carve out a particular type of advertising injury . . . but instead, excludes all advertising injury." *Id.* at 1260. Based on its conclusion that the exclusion in the endorsement would make the advertising injury coverage illusory, the court declined to give effect to the "field of entertainment" exclusion contained in the endorsement. *Id.*

The scope and language of the Field of Entertainment Endorsement - Limitation of Coverage contained in the First Mercury policies is substantially different from the exclusion

11

at issue in *Princeton Express*. Unlike the exclusion in *Princeton Express*, the Field of Entertainment Endorsement - Limitation of Coverage limits the scope of its application to a specific type of advertising injury – those that relate to the "Business of The Insured in The Field of Entertainment."  Specifically, the "Field of Entertainment – Limitation of Coverage Endorsement" contained in First Mercury's policies provides, in relevant part, that the insurance provided under the Policies "does not apply to . . . 'personal and advertising injury' . . . arising out of, related to, caused by or attributed to by  . . .  [i]nvasion of the right to privacy; . . . [i]nfringement of copyright, whether under statutory or common law . . ., *but only as each applies to the* ***"Business of The Insured in The Field of Entertainment.*** (emphasis supplied). Thus, unlike the exclusion in *Princeton Express*, the Field of Entertainment – Limitation of Coverage Endorsement in First Mercury's policies plainly carves out a particular type of advertising injury to which it applies. The substantive differences between the two exclusions renders the holding in *Princeton Express* readily distinguishable from this action and, therefore, the *Princeton Express* decision provides no support for Club O's position that the advertising injury coverage afforded under First Mercury's policies is illusory.

Moreover, under Illinois law which governs this dispute, an exclusion renders coverage illusory if "there is no possibility under any set of facts for coverage."  *U.S. Specialty Ins. Co. v. Village of Melrose Park*, 455 F.Supp.3d 681, 689 (N.D. Ill. 2020); *see Nicor, Inc. v. Assoc. Elec. & Gas Ins. Servs. Ltd.*, 362 Ill.App.3d 745, 754 (1st Dist. 2005) ("The policy need not provide coverage against all possible liabilities; if it provides coverage against some, the policy is not illusory."). The Field of Entertainment – Limitation of Coverage Endorsement does not operate to preclude coverage for "personal and advertising injury" under all circumstances.  Instead, the Field of Entertainment – Limitation of Coverage Endorsement precludes coverage for a specific type of advertising injury – those related to the "Business of The Insured in The Field of Entertainment" – which encompasses the claims asserted against

12

Club O in the Underlying Action. Contrary to Club O's assertion, the Field of Entertainment Endorsement does not render coverage illusory merely because it applies in a manner that precludes coverage to Club O for the claims asserted against it in the Underlying Action. The Field of Entertainment – Limitation of Coverage Endorsement does not bar coverage under any set of facts, it simply operates to bar coverage under the set of facts at issue here. Accordingly, Club O's assertion that the Field of Entertainment – Limitation of Coverage Endorsement renders the advertising injury coverage provided by the First Mercury policies illusory is without merit and should be rejected.

> D. **The Exclusions for "Knowing Violation of Rights of Another," "Material Published with Knowledge of Falsity," and "Distribution of Material or Information in Violation of Law" Apply Based on the Factual Allegations and Nature of the Underlying Claims.**

In response to First Mercury's arguments in the Motion that coverage for the claims asserted against Club O in the Underlying Action is precluded as a matter of law by operation of exclusion a. (Knowing Violation of Rights of another); exclusion b. (Material Published With Knowledge of Falsity), and exclusion p. (Recording and Distribution of Material or Information in Violation of Law) of its policies, Club O repeats nearly verbatim in the Opposition the arguments it asserted on these points in its Motion for Summary Judgment. *See* ECF No. 50 at pp. 9-13. Club O's Opposition does not raise any additional arguments on these issues. Accordingly, First Mercury incorporates by reference herein the arguments it made in response to such arguments in its Response to Defendant's Motion for Summary Judgment, as if fully set forth herein, as its response to Club O's assertion of those arguments in the Opposition. *See* ECF No. 53 at pp. 10-13.

> E. **The Doctrines of Waiver And Estoppel Do Not Apply As A Matter of Law**

As a final attempt to avoid the entry of judgment on the pleadings in favor of First Mercury, Club O asserts that First Mercury is not entitled to such judgment because Club O

believes there exists certain (unidentified) questions of fact surrounding its affirmative defenses of estoppel and waiver and, as of this time, there are no facts in the record relating to the estoppel or waiver defense other that what is alleged in the pleadings. Based on its contention that there exist certain unidentified questions of fact surrounding its estoppel defense and First Mercury cannot show there is no question of fact regarding Club O's waiver defense, Club O asserts the Motion cannot be determined on the pleadings and must be denied. ECF No. 55 at pp. 12-13.

Club O's assertion that the Motion must be denied because there are no facts in the record relating to the estoppel or waiver defense other that what is alleged in the pleadings is entirely without merit. The Seventh Circuit has held that a court may rule on a motion for judgment on the pleadings based upon a review of the pleadings alone, which include the complaint, answer, and any exhibits attached thereto. *Forest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007). The pleadings in this case demonstrate that Club O is incorrect in its assertion that no facts relating to its affirmative defenses appear in the record. On the contrary, the most significant fact relating to its estoppel affirmative defense - the fact that First Mercury has filed this action seeking a declaratory judgment that it owes no duty to defend or indemnify Club O in connection with the Underlying Action appear in the record of this case. *See* First Mercury's First Amended Complaint. ECF No. 9.

Under Illinois law, "the general rule of estoppel provides that an insurer which takes the position that a complaint potentially alleging coverage is not covered under a policy that includes a duty to defend may not simply refuse to defend the insured." *Employers Ins. of Wausau v. Ehlco Liquidating Tr.*, 186 Ill.2d 127, 150 (1999). Rather, "the insurer two options: (1) defend the suit under a reservation of rights or (2) seek a declaratory judgment that there is no coverage." *Id.* "*Only if the insurer fails to take either of these steps* and is later found to have wrongfully denied coverage, the insurer is estopped from raising policy defenses to

coverage. *Id.* at 150-51 (emphasis added). The pleadings in this action confirm that First Mercury did not deny coverage without taking further action; instead, upon denying coverage, First Mercury complied with the direction of the Illinois Supreme Court in *Ehlco* and properly filed a declaratory judgment against Club O seeking a declaration of no coverage. Moreover, the pleadings in this action confirm that in its Answer to the First Amended Complaint Club O admitted that First Mercury brought this action to obtain the type of judicial determination required by the Illinois Supreme Court in *Ehlco*.

Despite Club O's assertion to the contrary, First Mercury's filing on this action was timely as a matter of law under Illinois law, and the doctrines of waiver and estoppel are not applicable here. *L.A. Connection v. Penn-America Ins. Co.*, 363 Ill. App. 3d 259, 266 (3d Dist. 2006) (declining to apply estoppel where a little more than two months passed between tender of claim to the insurer and filing of a declaratory judgment action); *Westchester Fire Ins. Co. v. G. Heileman Brewing Co., Inc.*, 321 Ill. App. 3d 622, 634 (1st Dist. 2001) (declining to apply estoppel where six months had passed).

### IV.     **CONCLUSION**

For the reasons stated herein, First Mercury's Motion for Judgment on the Pleadings should be granted and judgment should be entered in its favor.

Dated November 20, 2020    Respectfully Submitted,

FIRST MERCURY INSURANCE COMPANY

/s/ James J. Hickey
James J. Hickey (Illinois Bar No. 6198334)
james.hickey@kennedyslaw.com
Julie Klein (Illinois Bar No. 6316842)
julie.klein@kennedyslaw.com
KENNEDYS CMK LLP
100 North Riverside Plaza, Suite 2100
Chicago, Illinois 60606
Phone: (312) 800-5000
Fax: (312) 207-2110

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Plaintiff First Mercury Insurance Company's Reply in Support of its Motion for Judgment on the Pleadings was filed and served via the Court's CM/ECF upon all counsel of record listed below on November 20, 2020:

Marty J. Schwartz
Michelle L. Wesley
Kevin A. Ameriks
Thomas J.K. Schick
Schain, Banks Kenny & Schwartz, Ltd.
70 W. Madison Street, Suite 5300
Chicago, Illinois 60602
Phone: (312) 345-5700
mschwartz@schainbanks.com
mwesley@schainbanks.com
kameriks@schainbanks.com
tschick@schainbanks.com

*Attorneys for Defendant Triple Location, LLC
d/b/a Club O*

                                            s/James J. Hickey
                                            James J. Hickey (Illinois Bar No. 6198334)
                                            James.Hickey@Kennedyslaw.com
                                            Julie Klein (Illinois Bar No. 6316842)
                                            julie.klein@kennedyslaw.com
                                            KENNEDYS CMK LLP
                                            100 North Riverside Plaza, Suite 2100
                                            Chicago, Illinois 60606
                                            Phone: (312) 800-5000
                                            Fax: (312) 207-2110